The Honorable Lynne Oharah State Representative, 4th District 2120 95th Street Uniontown, Kansas 66779
Dear Representative Oharah:
You request our opinion on the legality of a county assessing a fee on inmates incarcerated in a county jail. You note that the Linn county commissioners passed Resolution No. 06-11 on March 20, 2006 ordering the county sheriff to give notice to each person incarcerated that they would be charged a $40 per day fee, to cover their room and board while being held in the custody of the Linn county sheriff. The charge is to be assessed both pre and post sentence for those inmates who are convicted. The resolution states that if a person has no income, is on state assistance, or has other priority debts such as child support, there would be no attempt to collect the money. However, the sheriff is otherwise required to serve notice three times asking for payment, and if it is not forthcoming, the bill is to be turned over to the county counselor for collections.
K.S.A. 19-811 provides that "[t]he sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same. . . ." This duty includes ensuring that prisoners receive necessary medical care.[1] However, such incarceration and attendant care result in an expense.[2]
The issue is whether these costs may legally be shifted to the incarcerated person, assuming they have assets or income to pay for such costs.
K.S.A. 2005 Supp. 19-1930 provides authority to counties wishing to charge prisoners a fee connected with their incarceration in a county jail. Subsection (e) states:
 "(e)(1) The board of county commissioners of a county may provide by resolution that any inmate of the county jail who is incarcerated in the county jail pursuant to a sentence for the conviction of a crime in this state shall be required to pay to the county a fee in an amount not exceeding the county's daily cost of housing the inmate to defray the costs of maintaining such inmate in the county jail for each day prior to and after conviction for an offense resulting in a conviction.
"(2) Such resolution shall provide:
 "(A) For the priority of restitution, child support, court costs or fines over such fee;
 "(B) for reduction or waiver of such amount in instances in which payment would create undue hardship for an inmate and for a procedure to provide for a reduction or waiver; and
 "(C) that if the inmate fails to pay such amount charged pursuant to such resolution, the county keeping such inmate may garnish such inmate's commissary account to recover such costs, upon notice and hearing given to such inmate as provided for in any such resolution contemplated herein.
 "(3) The inmate shall pay the amount charged pursuant to such resolution, in cash or by money order, or by release of funds in the inmate's jail commissary account, to the county treasurer, who shall deposit the entire amount in the county treasury and credit it to the county general fund.
 "(4) The sheriff shall forward any garnished commissary account payment to the county treasurer, who shall deposit the entire amount in the county treasury and credit it to the county general fund.
 "(5) If the county is otherwise entitled to receive reimbursement or compensation for the maintenance of an inmate who is required to pay an amount pursuant to such resolution, and such reimbursement or compensation constitutes the entirety of the costs of maintaining such inmate in the county jail, the amount paid by such inmate shall be deducted from the amount of the other reimbursement or compensation to which the county is entitled."[3]
Kansas case law discussing fees charged to jail inmates largely addresses the costs of providing medical care to such prisoners. For example, in Haskell County Commissioners vs.Sullivan,[4] the Kansas Court of Appeals concluded that absent a statute relating to reimbursement, a governmental agency is not entitled to seek reimbursement from a prisoner for the cost of medical treatment received by the prisoner while in the agency's custody. Perhaps in response to this case, the Legislature adopted K.S.A. 2005 Supp. 19-1910, which now allows a county to attempt recoupment of costs for medical care provided to inmates.[5]
Attorney General Opinion No. 2001-42 addressed fees charged by counties and associated with incarceration. It stated: "In determining the appropriate prisoner per diem that a county may charge for the maintenance of city prisoners, a county may include expenses that relate to personnel, administration, facility operation and maintenance, as well as direct prisoner expenses."
Thus, it is our opinion that K.S.A. 2005 Supp. 19-1930 permits a county to adopt a resolution authorizing assessment of a per diem fee charged to inmates of the county jail. This statute does not permit charging such costs to persons who are never convicted of a crime in this state but permits recoupment of pre and post conviction costs from those who are convicted in Kansas, and establishes priorities for payments.[6]
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Bush Assistant Attorney General
PK:JLM:TMB:jm
[1] Mt. Carmel Medical Center v. Board of CountyCommissioners, 1 Kan.App.2d 374 (1977). See also Attorney General Opinion No. 96-69.
[2] Attorney General Opinion No. 82-5 (the Legislature did not intend that the K.U. Medical Center provide free medical care to prisoners in a county jail).
[3] Emphasis added.
[4] 27 Kan.App.2d 852 (2000); note the court's statement concerning "absent a statute," implying that statutory authority would allow such a charge.
[5] See 2002 Legislative Wrap-Up, 71 J.K.B.A. 15, 18 (2002);see also K.S.A. 2005 Supp. 19-4444 and unpublished case Statev. Babcock, 117 P.3d 150 (Kan.App. 2005).
[6] You do not ask, and thus we do not address, whether K.S.A. 2005 Supp. 19-1930 applies to either or both conviction or commission of crimes that occur in Kansas or whether the statute includes conviction or crimes in violation of federal law as well as state law.